**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| RENATO CASALI, | ) | Case No. 13 B 30521 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| PARKWAY BANK AND TRUST COMPANY, | ) | |
| | ) | Adversary No. 14-00124 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RENATO CASALI, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

To:    See Certificate of Service

PLEASE TAKE NOTICE that on November 2, 2015, we filed with the United States District Court for the Northern District of Illinois, Eastern Division, this Notice of Filing, Certificate of Service, and Plaintiff's Proposed Findings of Facts and Conclusions of Law, copies of which are hereby served upon you.

                    Respectfully submitted,

                    **PARKWAY BANK & TRUST COMPANY**

                    By:    /s/ Tejal S. Desai
                           One of its Attorneys

**Saskia Nora Bryan (ARDC No. 06255682)**
**Tejal S. Desai (ARDC No. 6280834)**
**Latimer LeVay Fyock LLC**
55 West Monroe Street, Suite 1100
Chicago, IL 60603
T: 312/422-8000
F: (312) 422-8001

Page **1** of **8**

N:\Clients\72001-03\docs\Bankruptcy\Trial\Proposed Findings of Fact and Conclusions of Law.docx

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| **RENATO CASALI,** | ) | Case No. 13 B 30521 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| _____ | ) | |
| **PARKWAY BANK AND TRUST COMPANY,** | ) | |
| | ) | |
| | ) | Adversary No. 14-00124 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RENATO CASALI,** | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

Plaintiff, PARKWAY BANK AND TRUST COMPANY ("Parkway") in accordance with this Court's Amended Final Pretrial Order, submits the following Proposed Findings of Facts and Conclusions of Law for the trial which is scheduled for November 9, 2015 at 1:30 p.m.

**I.   PROPOSED FINDINGS OF FACT**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334 and Section 157 in that this action arises in and relates to the bankruptcy case, Ch. 7, *In re Renato Casali,* Case No. 13 B 30521, filed on July 31, 2013. This proceeding is a core proceeding.

2. Venue is proper in this district.

**A.   The Parties**

3. Defendant Renato Casali ("Casali") is a resident of Chicago, Illinois.

4.  Parkway is an Illinois banking corporation who is owed amounts under a personal loan made by Parkway to Casali, secured by Casali's personal residence located at 4547 Potawatomie, Chicago, Illinois 60656 (the "Property") and which is the subject of a state court foreclosure action.

**B.    Parkway's Loan to Casali**

5.  In April 2003, Casali approached Parkway to obtain a personal line of credit from Parkway.

6.  At the time Casali approached Parkway to obtain a loan, Casali informed Parkway that he had an existing line of credit with Household Finance, now known as HSBC ("Household"), in the amount of approximately $80,000.00, which was secured by a first mortgage on the Property.

7.  Based on Casali's agreement to use the proceeds from Parkway's loan to payoff Household, close his line of credit with Household, and grant Parkway a first mortgage on the Property, Parkway entered into a Credit Agreement and Disclosure dated May 5, 2003 with Casali, which was subsequently amended, renewed and replaced by the August 21, 2008 Credit Agreement and Disclosure (the "Note").

8.  Casali and his wife, Anna F. Casali, executed a mortgage ("Mortgage") in favor of Parkway, dated May 5, 2003 and recorded on May 6, 2003 with the Cook County Recorder of Deeds as Document No. 0312649323 and an Assignment of Rents dated May 5, 2003 for the Property ("Assignment of Rents").

9.  On May 5, 2003 Casali executed a Disbursement Request and Authorization Form whereby Casali acknowledged and agreed that the purpose of the Parkway loan was to "Payoff 1st mortgage with Household Finance Company of $80,000.00 and additional funds will be used

for investment purposes."

10. On May 7, 2003, Household provided a payoff letter ("Payoff Letter") to Casali, who in turn forwarded it to Parkway wherein Household identified that the amount owed to pay the account in full was $154,731.46 ("Payoff Amount").

11. The Payoff Letter stated that the total amount due of $154,731.46 was good until June 6, 2003.

12. Casali and his wife both signed the Payoff Letter authorizing Household to cancel the credit line.

13. On May 10, 2003, Parkway issued a check made payable to Household in the amount of $154,731.46 (the "Payoff Check") and forwarded to Household the check along with the signed Payoff Letter and a letter to Household requesting that Household issue a release of its mortgage on the Property to Parkway.

14. On May 8, 2003, three days after Casali entered into the loan with Parkway and one day after Household issued its Payoff Letter, an additional $2,858.00 was debited from Household's line of credit.

15. Household received and cashed the Payoff Check on May 12, 2003.

16. At the time Household received the Payoff Check from Parkway, the amount owed on Casali's line of credit with Household was $156,631.09.

17. Had the additional $2,858.00 not been debited a day after the Payoff Letter was issued, despite Casali's representation that Household's line would be paid off and closed, the check issued by Parkway would have been sufficient to retire the Household debt.

18. On May 29, 2003, after Parkway issued the Payoff Check and the Payoff Check was cashed by Household, Casali withdrew an additional $30,000.00 from Household's line of

credit.

19. Casali continued making withdrawals from Household's line of credit on the following dates and for the following amounts:

| Date | Amount | Date | Amount |
| --- | --- | --- | --- |
| 07/21/03 | $2,156.93 | 02/13/06 | $8,000.00 |
| 07/29/03 | $15,000.00 | 02/16/06 | $10,000.00 |
| 08/11/03 | $20,000.00 | 03/08/06 | $10,000.00 |
| 09/09/03 | $17,000.00 | 04/07/06 | $20,000.00 |
| 10/07/03 | $22,000.00 | 07/03/06 | $20,000.00 |
| 10/21/03 | $30,000.00 | 10/10/06 | $10,000.00 |
| 11/28/03 | $7,000.00 | 12/28/06 | $5,000.00 |
| 03/26/04 | $35,000.00 | 07/12/07 | $1,500.00 |
| 07/26/04 | $23,500.00 | 08/22/07 | $5,000.00 |
| 08/11/04 | $650.00 | 09/12/07 | $5,000.00 |
| 09/11/04 | $25,000.00 | 10/10/07 | $15,000.00 |
| 10/27/04 | $3,400.00 | 04/15/08 | $4,000.00 |
| 11/23/04 | $8,000.00 | 04/15/08 | $11,000.00 |
| 12/03/04 | $125,000.00 | 05/06/08 | $5,000.00 |
| 12/06/04 | $5,000.00 | 08/25/08 | $5,400.00 |
| 12/17/04 | $25,000.00 | 08/26/08 | $3,300.00 |
| 02/10/05 | $15,000.00 | 09/09/08 | $300.00 |
| 02/24/05 | $10,000.00 | 09/10/08 | $20,000.00 |
| 03/04/05 | $8,395.00 | 09/11/08 | $9,000.00 |
| 03/08/05 | $10,000.00 | 10/06/08 | $1,500.00 |
| 03/21/05 | $6,500.00 | 10/07/08 | $100,000.00 |
| 03/24/05 | $10,000.00 | 11/17/09 | $3,000.00 |
| 02/17/05 | $7,000.00 | 12/24/09 | $7,000.00 |
| 06/17/05 | 5,000.00 | 02/09/10 | $3,000.00 |
| 06/23/05 | 20,000.00 | 02/12/10 | $2,000.00 |
| 06/23/05 | $27,000.00 | 03/10/10 | $7,500.00 |
| 10/21/05 | $30,000.00 | 03/19/10 | $10,000.00 |
| 01/04/06 | $11,006.63 | 03/30/10 | $5,000.00 |
| 01/19/06 | $20,000.00 | | |

20. On January 29, 2013, an event of default was declared as a result of Casali's failure to pay when due real estate taxes owing on the Property.

**II.    PROPOSED CONCLUSIONS OF LAW**

21. Section 523(a)(2)(A) of the Bankruptcy Code provides that a debtor is not

discharged from any debt for money, property, services, or an extension of credit renewal or refinancing of credit obtained by false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or insider's financial condition.  11 U.S.C. §523(a)(2)(A) (West 2013).

22.     False pretenses "include implied misrepresentations or conduct intended to create or foster a false impression"; a plaintiff is not required to plead overt misrepresentations. *In re Sarama,* 192 B.R. 922, 927-28 (Bankr. N.D. Ill. 1996). Rather, "omission or a failure to disclose on the part of a debtor can constitute misrepresentations where circumstances are such that omissions or failure to disclose create a false impression which is known by debtor. *Id.* Moreover, a broken promise – which would otherwise ordinarily only be actionable in a breach of contract context – can also constitute a false representation if the debtor made the promise without any intention of keeping it. *Perlman v. Zell,* 185 F.3d 850, 852 (7th Cir. 1999).

23.     Casali made false representations and omissions of fact, including but not limited to, misrepresenting to Parkway that he would close the Household line of credit after the issuance of the Payoff Letter and failing to disclose Parkway that he would continue withdrawing funds from Household's line of credit after the issuance of the Payoff Letter.

24.     Casali knew or should have known that the Household line of credit would not be closed, despite his representation that he would close it, Household would therefore not release its mortgage due to the line of credit not having been paid off, resulting in Parkway not having a first mortgage on the Property.

25.     Casali intended that Parkway rely on his false representations and omissions of fact for the purpose of inducing Parkway to extend a loan to him.

26.     Parkway justifiably relied upon Casali's false representations and omission of fact

that he would close the line of credit with Household, use the proceeds of Parkway's loan to pay off Household's line of credit and grant Parkway a first mortgage on the Property in extending a loan to Casali.

27. Parkway acted with acceptable diligence in closing the Casali loan under all the circumstances.

28. Based on the false representations and omissions of material fact made by Casali in obtaining the loan from Parkway, the debt owed by Casali to Parkway is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

                Respectfully submitted,

                **PARKWAY BANK & TRUST COMPANY**

      By:   /s/ Tejal S. Desai
                 One of its Attorneys

**Saskia Nora Bryan (ARDC No. 06255682)**
**Tejal S. Desai (ARDC No. 6280834)**
**Latimer LeVay Fyock LLC**
55 West Monroe Street, Suite 1100
Chicago, IL 60603
T: 312/422-8000
F: (312) 422-8001

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certify that, on November 2, 2015, the foregoing Notice of Filing and Plaintiff Parkway Bank and Trust Company's Proposed Findings of Fact and Conclusions of Law were served via the U.S. Bankruptcy Court for the Northern District of Illinois CM/ECF electronic document filing system, upon the following attorney of record:

*<u>Counsel Defendant Renato Casali</u>*

Paul Bach - paul.bach@sulaimanlaw.com

Joel Chupack- jchupack@h-and-k.com


/s/ Tejal S. Desai

**Saskia Nora Bryan (ARDC No. 06255682)**
**Tejal S. Desai (ARDC No. 6280834)**
**Latimer LeVay Fyock LLC**
55 West Monroe Street, Suite 1100
Chicago, IL 60603
T: 312/422-8000
F: 312/422-8001